UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA<br><br>Plaintiffs,<br><br>v.<br><br>TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER<br><br>Defendant. | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA by and through the undersigned counsel, hereby file this Complaint against the above-named Defendants, TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER.

## NATURE OF THE CASE

1. This is an action brought by Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA, (hereafter "Plaintiffs") against their former employers, Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER (hereafter referred to as "Defendants") for violations of the Fair

Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and to recover unpaid wages..

2. Defendants had practice of deducting rest periods of short duration or requiring Plaintiffs to punch out during the referenced rest periods. Pursuant to 29 CFR § 785.18, "[r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked."

3. Consequently, Defendants were not fully compensating all hours, including those in excess of forty (40) hours in a workweek as required by the FLSA.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiffs' state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiffs' FLSA claims, to constitute the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Pinellas County has the greatest nexus with the cause because it is the

place where Plaintiffs provided services and Defendants conducted business.

## PARTIES

6. Plaintiffs, SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA, residents of Pinellas County, were former employees of Defendants who worked at INTEGRITY INDUSTRIES, a company that provides assembly services.

7. Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA, are employees as defined by the laws under which this action is brought.

8. Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER are employers as defined by the laws under which this action is brought.

9. Defendant TCB VENTURES, LLC is a corporation organized and existing under and by virtue of the laws of Florida.

10. INTEGRITY INDUSTRIES is a fictitious name under which Defendants TCB VENTURES, LLC and THOMAS E. BARBER conduct business.

11. Defendant THOMAS E. BARBER is an individual resident of the State of Florida, who owned and/or operated TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs (including Plaintiffs affairs); c) hired

and fired employees; d) determined and upheld the practices of deducting short rest periods from Plaintiffs' checks/time; e) controlled terms of employment (including Plaintiffs); and/or f) had the authority to set employee wages, hours, and practices regarding same (including Plaintiffs).

## COVERAGE

12. Defendant TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

13. Defendant TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES is a manufacturing assembly company that provides assembly services and material to manufacturers and electrical suppliers. Defendant TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES was engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, and checks from banks located outside the state of Florida, by purchasing assembly machine parts, materials, machinery, and supplies, each manufactured across state lines for the purpose of providing assembly services.

14. Upon information and belief, Defendant's TCB VENTURES, LLC annual gross volume of sales exceeded $500,000/year at all relevant times.

15. Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER were employers within the definition of the FLSA, 29 U.S.C. § 203.

16. During the term of their employment, Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA were engaged in commerce and were therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

17. The services performed by Plaintiffs were essential, necessary, and an integral part of the business conducted by Defendant.

18. Plaintiffs were covered employees for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

19. Plaintiff SANDRA SUAREZ worked from February 2013 to January 2019, had an hourly rate of $10.00 per hour, and held an assembler position.

20. Plaintiff NORMA MORENO worked from February 2004 to January 2019, had an hourly rate of $10.00 per hour, and performed assembly functions.

21. Plaintiff ARAHI HIDALGO, an assembler, worked from August 2005 to January 2019, and had an hourly rate of $10.00 per hour.

22. Plaintiff NOEMI VALDIVIA worked from August 2013 to January 2019, had an hourly rate of $12.00 per hour, and performed production and inspection duties.

23. Plaintiffs were hourly employees.

24. Plaintiffs' schedule was 7:00AM to 4:00 PM, five days a week, with a 30-minute lunch break. That is, based on their schedule, and assuming no off time, Plaintiffs' scheduled averaged 42.5 work hours a week.

25. Plaintiffs took two short break periods a day, each one about 15 minutes.

26. Defendants had practice of requiring Plaintiffs to punch out during the rest periods of short duration. Subsequently, Defendants had practice of deducting the referenced rest periods from Plaintiffs' time. These rest period of short duration were not Plaintiffs' lunch time.

27. Pursuant to 29 CFR § 785.18, "[r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and **are customarily paid for as working time. They must be counted as hours worked**." (Emphasis added)

28. During their employment with Defendants, Plaintiffs were classified as non-exempt.

29. Plaintiffs did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

30. During the period covered by the employment, Plaintiffs worked in excess of forty (40) hours in a workweek and were not fully compensated at the statutory rate of one and one-half times their regular rate of pay.

31. Since Defendants knew Plaintiffs' schedule and the practice of deductions, Defendants were aware that Plaintiffs were working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

32. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

33. Plaintiffs' time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue currently.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

34. Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA re-allege and incorporate the allegations contained in Paragraphs 1 through 33 above.

35. Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER failed to pay Plaintiffs properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

36. Plaintiffs are entitled to be paid time and one-half their regular rate of

pay for each hour worked in excess of forty (40) in a workweek.

37. As a result of Defendants' willful violation of the FLSA, Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA are entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## UNPAID WAGES UNDER FLORIDA COMMON LAW

38. Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA re-allege and incorporate the allegations contained in Paragraphs 1 through 33 above.

39. During the period of their employment, Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA performed work for Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER and Defendants agreed to compensate Plaintiffs for all hours worked.

40. Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER failed and refused to compensate Plaintiffs all wages owed by requiring Plaintiffs to punch out during compensable breaks of short duration, or by deducting the refrenced breaks from Plaintiffs' time.

41. As a result of the foregoing, Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA have suffered damages and have incurred in attorneys' fees and costs.

42. Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in the prosecution of their unpaid wages claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SANDRA SUAREZ, NORMA MORENO, ARAHI HIDALGO, and NOEMI VALDIVIA respectfully request judgment against Defendants TCB VENTURES, LLC d/b/a INTEGRITY INDUSTRIES, and THOMAS E. BARBER, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's unpaid wages pursuant to Florida Common Law;

f. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

g. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial to the extent authorized by law.

Dated: February 11, 2019                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
 WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com